S93Y0261. IN THE MATTER OF DAVID B. PITTMAN.
(442 SE2d 761)

PER CURIAM.

After conducting an investigation into a grievance which Clara McDonald filed against David B. Pittman, the Investigative Panel found that Pittman violated Standards 4 (engaging in professional conduct involving dishonesty, fraud, etc.); 21, 22, and 23 (withdrawing from employment); 45 (knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule); and 68 (failing to respond to disciplinary authorities) of Bar Rule 4-102 (d). The State Bar of Georgia filed a Notice of Discipline with this Court, recommending disbarment. Pittman failed to file a timely rejection to the Notice. Subsequently, the State Disciplinary Board recommended that Pittman be disbarred, to which Pittman objected. The State Bar then requested this Court to issue an order disbarring Pittman.

Prior to a ruling on the State Bar's motion, the State Bar and Pittman began discussions concerning this case and two other disciplinary actions which were pending against Pittman. The other two actions involved grievances filed by Kathy Joyner and Ronnie Clay. Joyner and Clay alleged violations of the same standards as did McDonald, but further alleged violations of Standards 44 (abandoning client matters); 61 (failing to notify client of receipt of funds); 63 (failing to maintain complete client records); and 65 (commingling personal and client funds). As discipline for the three cases, the State Bar and Pittman agreed to a thirty-day suspension and a requirement that he comply with certain conditions. The State Bar now moves this Court to accept the agreement and suspend Pittman accordingly.

Upon consideration of the records in these cases and the agreement of the parties to the level of discipline, this Court hereby grants the State Bar's motion. David B. Pittman is hereby suspended from the practice of law in Georgia for a minimum of 30 days, with such suspension becoming effective exactly 30 days from the date of this opinion, and continuing so long thereafter as he fails to comply with the following conditions: (1) Pittman must complete a program for treatment of his impairment; (2) Pittman must provide the Office of General Counsel with a certificate from a board certified psychologist or board certified psychiatrist stating that his impairment should not currently affect his ability to practice law; and (3) Pittman must make restitution to Clara McDonald in the amount of $300, to Kathy Joyner in the amount of $150, and to Ronnie Clay in the amount of $300. Pittman's suspension shall continue until further order of this

Court terminating such suspension.

Pittman is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interest of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*All the Justices concur.*

DECIDED MAY 16, 1994 —
RECONSIDERATION DENIED JUNE 24, 1994.

*William P. Smith III, General Counsel State Bar, Kathryn B. Singer, Assistant General Counsel State Bar,* for State Bar of Georgia.